STEVEN T. GUBNER – Bar No. 156593
JESSICA L. BAGDANOV – Bar No. 281020
TAMAR TERZIAN – Bar No. 254148
BG LAW LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone:  (818) 827-9000
Facsimile:   (818) 827-9099
Email:    sgubner@bg.law
             jbagdanov@bg.law
             tterzian@bg.law

Attorneys for, David Seror, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>HORMOZ RAMY,<br><br>Debtor. | Case No. 1:20-bk-10276-VK<br><br>Chapter 7<br><br>Adv. Case No.: 1:22-ap-_____-VK |
| DAVID SEROR, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>ZIBA DANESHI, an individual; ALEJANDRO RAMY, an individual,<br><br>Defendants. | **COMPLAINT FOR DETERMINATION OF SECURED STATUS OF CLAIM; PRESERVATION OF LIEN FOR BENEFIT OF ESTATE; TURNOVER**<br><br>**Status Conference:**<br>Date: [To Be Set]<br>Time: [To Be Set]<br>Place: Courtroom 303<br> 21041 Burbank Blvd.<br> Woodland Hills, CA 91367 |

2765307

David Seror, the duly appointed Chapter 7 Bankruptcy Trustee (the "Trustee"), for the Bankruptcy estate ("Estate") of debtor Hormoz Ramy ("Debtor"), hereby alleges as follows:

### NATURE OF ACTION AND JURISDICTION

1. In compliance with Local Bankruptcy Rule 7008-1, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157(b)(1) and (2), and 1334, as well as General Order No. 13-05 of the District Court for the Central District of California, on the basis that this action is a core proceeding as defined by 28 U.S.C. §§ 157(b)(2)(A), (B), (E), and (K), and arises in or under the chapter 7 bankruptcy case of *In re Hormoz Ramy*, 1:20-bk-10276-VK (the "Bankruptcy Case") currently pending before this Court. The Trustee consents to entry of final orders or judgment by this Court.

2. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a) in that the instant proceeding is related to the Bankruptcy Case presently pending under Title 11 of the United States Code in the United States Bankruptcy Court for the Central District of California.

3. This Bankruptcy Case was commenced by the filing of a voluntary petition by Debtor under Chapter 7 of Title 11 of the United States Code (beginning at 11 U.S.C. § 101, *et seq.*, the "Bankruptcy Code") on February 4, 2020 (the "Petition Date").

4. The Trustee is informed and believes that Debtor, at all times relevant hereto is and was the title owner of the real property located at 7100 Balboa Blvd, Unit 106, Van Nuys, California (the "Balboa Property").

### PARTIES

5. The Trustee brings this action solely in his capacity as chapter 7 trustee for this Estate.

6. Ziba Daneshi is an individual residing in the Central District of California, and is Debtor's sister. Ziba Daneshi is an "insider" of the Debtor as that term is defined in Section 101 of the Bankruptcy Code.

7. Alejandro Ramy is an individual residing in the Central District of California, and is Debtor's adult and dependent son. Alejandro Ramy is an "insider" of the Debtor as that term is defined in Section 101 of the Bankruptcy Code.

2765307

## OPERATIVE FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

8. On February 17, 2020, Debtor filed his Schedules and Statement of Financial Affairs [Bk. Doc. 10]. On May 26, 2020, Debtor filed amended Schedules and Statements [Bk. Docs. 22, 23].

9. Debtor disclosed in his schedules a fee simple ownership interest in the Balboa Property. The Balboa Property is a 1,641 square foot condominium with three bedrooms and three bathrooms that Debtor has owned since June 2003.

10. On February 17, 2020, Debtor filed Schedule D, listing Defendant Ziba Daneshi as a secured creditor in the amount of $450,000, disclosing the Balboa Property as purported collateral for the loan.

11. However, on May 26, 2020, Debtor filed an Amended Schedule D, which removed Ziba Daneshi as a secured creditor.

12. Ziba Daneshi has never filed a proof of claim in Debtor's Bankruptcy Case.

13. On April 13, 2005, a deed of trust was recorded against the Balboa Property in the principal amount of $370,000, listing Ziba Daneshi as the beneficiary (the "Daneshi Trust Deed").

14. However, despite multiple attempts by the Trustee to obtain information to support the Daneshi Trust Deed from Debtor and Ziba Daneshi (such as, for example, a promissory note or loan documents), no legitimate loan documents have been produced.

15. In addition, no documents have been produced evidencing that Debtor has ever made any payments on account of the purported Daneshi Trust Deed.

16. The Trustee is informed and believes, and based thereon alleges, that the Daneshi Trust Deed was recorded against the Balboa Property for the sole purpose of encumbering the Balboa Property to shield it from potential creditors.

17. Debtor's Schedule I does not reflect any income received from any lease of the Balboa Property, although the Trustee is informed that Debtor rented the Balboa Property to a tenant prepetition.

18. Similarly, Debtor's Schedule J does not disclose any payments made to Ziba Daneshi based on her alleged security interest against the Balboa Property.

3

2765307

19. On March 26, 2021, Debtor postpetition entered into a residential lease agreement with third parties, without the Trustee's knowledge or consent.

20. Debtor testified during his 2004 examination that the Balboa Property was being leased to a long term tenant for several years including postpetition, to Shaun Housini, for $2,500 and that all rents are deposited into bank accounts belonging to Alejandro Ramy, Debtor's adult but dependent son.

21. The Trustee requested a copy of such lease and Debtor testified that it was an "oral agreement."

22. In addition, Debtor never turned over rents received or an accounting of rents received after several requests from the Trustee's counsel, forcing the Trustee to seek turnover from the Court.

23. The Trustee is informed and believes, and based thereon alleges, that Debtor paid some postpetition rent to Defendant Ziba Daneshi, during 2020 and 2021, totaling no less than $6,500. However, prior to the Petition Date, Debtor never made a payment to Ziba Daneshi on account of her purported security interest.

24. On or about February 8, 2021, Ziba Daneshi delivered a demand letter to Debtor entitled "Beneficiary's Demand for Payoff," in which Ziba Daneshi demanded payment of approximately $995,918.87 on account of the Daneshi Trust Deed. The letter included a "Straight Note," purportedly signed by Debtor in 2004. The Trustee disputes the validity of the purported "Straight Note."

25. In June 2021, the Trustee received $2,800 from Debtor, which funds Debtor identified as the tenant's "deposit." Debtor has not provided any other rent to the Trustee on account of the Balboa Property.

26. The Trustee has collected some rent directly from the tenant since July 2021, but has never received any back rent for the postpetition period prior to July 2021.

27. On January 20, 2022, the Court entered an *Order Granting Motion for (1) Turnover of Property of the Estate, and (2) Order Compelling Debtor to Comply* [Bk. Doc. 92] (the "Turnover Order"), pursuant to which the Court ordered Debtor to turn over all rent proceeds

received by the tenants of the Balboa Property as well as an accounting of all such rent proceeds to the Trustee.

28. To date, Debtor has failed to comply with the Turnover Order.

### FIRST CLAIM FOR RELIEF

**For Determination of Secured Status Pursuant to 11 U.S.C. § 506(d)**

**(Against Defendant Ziba Daneshi)**

29. The Trustee re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

30. As set forth herein, the Trustee disputes that the Daneshi Trust Deed is a legitimate lien and asserts that it is void and not an allowed secured claim against the Balboa Property.

31. Accordingly, the Trustee is entitled to a judgment declaring that the Daneshi Trust Deed is void pursuant to 11 U.S.C. § 506(d).

### SECOND CLAIM FOR RELIEF

**For Preservation of Avoided Transfer Pursuant to 11 U.S.C. § 551**

**(Against Defendant Ziba Daneshi)**

32. The Trustee re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

33. Pursuant to 11 U.S.C. § 551, the Trustee is entitled to preserve any lien void under 11 U.S.C. § 506(d) for the benefit of the Estate.

### THIRD CLAIM FOR RELIEF

**Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542**

**(Against All Defendants)**

34. The Trustee re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

35. The Trustee is informed and believes, and based thereon alleges, that Defendants Ziba Daneshi and Alejandro Ramy are in possession of property of this Estate, to wit: rent proceeds derived from the Balboa Property.

2765307

36. Such rents are valuable Estate property that the Trustee may use under 11 U.S.C. § 363, and are thus not of inconsequential value to the Estate.

37. Accordingly, the Trustee is entitled to turnover of all rents received by Ziba Daneshi and Alejandro Ramy from the Petition Date to the present, in amounts according to proof at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, the Trustee respectfully prays for judgment against the Defendants as follows:

1. On the first claim for relief, for a judgment declaring that the Daneshi Trust Deed is void pursuant to 11 U.S.C. § 506(d);

2. On the second claim for relief, for preservation of the Daneshi Trust Deed for the benefit of the Estate pursuant to 11 U.S.C. § 551;

3. On the third claim for relief, for turnover of all rents received by Ziba Daneshi and Alejandro Ramy from the Petition Date to the present, in amounts according to proof at trial; and

4. On all claims for relief, for costs of suit herein and for such other and further relief as the Court deems proper.

DATED: February 2, 2022                BG LAW LLP

                                       By: /s/ Jessica L. Bagdanov
                                           Jessica L. Bagdanov
                                           Attorneys for David Seror, Chapter 7 Trustee